Good morning. Welcome to San Francisco. Welcome to our class observing here today. This is the time set for some oral arguments that we have scheduled on our docket. The first case on our docket, Delgadillo-Mejia v. Merrick-Garland, has been submitted on the briefs. Next case on our docket is Cortez-Barrera v. Merrick-Garland. And if the lawyers are ready, you can come forward. Sean Perdomo Good morning, Your Honors. My name is Sean Perdomo and I represent the petitioner, Ms. Claudia Violeta Cortez-Barrera and her two minor children. I'd like to reserve three minutes for rebuttal. Petitioners were denied asylum, withholding of removal, and protection under the Convention Against Torture Relief. Petitioner cites four errors in the agency's decision. First, the agency erred in finding a lack of nexus for asylum and withholding of removal relief. Second, the agency erred in failing to apply the proper legal standard for nexus when they evaluated petitioner's withholding of removal relief. Third, the agency erred in failing to apply the regulatory factors when they denied petitioner's Convention Against Torture Relief. And fourth, the agency erred and denied petitioner due process when they failed to advise her of her apparent eligibility for pre-conclusion voluntary departure. So could I ask you about that fourth one? Yes, Your Honor. Is there anything in the record that suggests that your client would have chosen voluntary departure over continuing to pursue the claims that she was pursuing? No, there is not, Your Honor. And the government has made an argument that because she had submitted an asylum application under the advice of an attorney, that somehow she waived the judge's required advisal under the regulations. But what if we disagree with the government about that and think that maybe there was an error because the IJ should have said something about this option of dropping her claims and pursuing voluntary departure instead? Is there anything that leads us to believe she would have done voluntary departure instead of pursuing the claims that she was pursuing? No. Based on this record, Your Honor, you could not make that conclusion based on the record here. The argument is strictly a legal one. Your argument is that in every single case where somebody has filed applications that they would have to withdraw in order to become eligible, no matter what's been said, no matter who they're represented by, there's no prejudice analysis at all. There is automatic relief because the IJ didn't utter the words in every single case? To answer your question, Your Honor, yes. There was a lot that you had mentioned, and that is that the burden for providing the instruction or the advisal is on the immigration judge. This Court has held so in criminal cases. Under 1326A, Prosecutions for Illegal Reentry with a Prior Order of Removal, persons are subject to a felony arrest and indictment where they can spend many years in prison. In those cases, if those advisals are not given, that is a basis for the removal order to be invalidated. Let me give you a hypothetical. You would make the same argument if the lawyer was there and said to the IJ, you know, we think this is such a valid claim that we're going to make our case all the way to the United States Supreme Court if our client isn't granted withholding. In that same argument there, there's automatic due process violation, automatic relief? If the IJ had not provided the advisals, as is required under the Code of Federal Regulations, and as well as this Court's decision in a case called Arrieta v. United States, that is a violation of due process for the immigration judge to fail to provide that advisal. And substantial prejudice under INS v. LATA is anything that would affect the outcome of the removal proceedings or prejudice the noncitizen's case. So in this instance, the substantial prejudice is the entering of a removal order. But that, I think the prejudice would be that your client lost the opportunity to take voluntary departure instead because I guess the idea is she didn't know that was an option of pursuing voluntary departure instead of pursuing her claims. So if we think that she may not have actually chosen to drop her claims, then there wouldn't really be any prejudice, right, because she wouldn't have taken voluntary departure anyway? Well, there would still be prejudice because just because she's represented by counsel, which is in the government's brief, that doesn't relieve the immigration judge of her obligation to provide the opportunity for the application, as well as give her the advisal, which is required. So let's say we think that she needs to give some indication that she would have actually chosen voluntary departure. It sounds like you disagree with that, but let's just take for a second. If we were to hold, she needs to give some reason to think that she might have taken voluntary departure in this situation. If we were to remand to the agency for further proceedings to determine whether she could make that showing, is there anything she could offer? Because I wasn't her attorney down below, I'm unaware if that was actually provided to her, for example, if she was advised of those options. It seems like your claim is she wasn't. Well, I guess you don't know if the attorney did. But so let's say that the attorney didn't and the IJ didn't, and so now if we remanded to the IJ to have a factual hearing on whether she would have actually taken voluntary departure back in 2018, could she say anything about why she would have? Can she say anything presently, Your Honor? About what she would have done back then if she had known about this option? Presently, I have not asked her that question, and I didn't intend to make a factual record here before this court that she would or would not accept the option. The argument here is strictly a legal argument that she wasn't provided this opportunity and she wasn't advised of her apparent eligibility under the case law as well as the regulation. So once it's remanded back, I'm sorry. So what's the next step in your view? Well, we're asking for an invalidation of the removal proceedings and the removal of the order of deportation that's already been entered. Right, but then what would happen? It would get sent back to the immigration IJ? Yes, if Your Honor would remand it back to the court. Well, hopefully this would set precedent that the immigration judge is supposed to advise on pre-conclusion voluntary departure at the outset of all removal hearings. That way their non-citizen is on the record as having rejected it, waived it, and then filed an application. Whereas you end up in a situation like this where it's unknown whether this person would have accepted it or not, and she has bared substantial prejudice. I'm sorry. I'm trying to understand your view of the prejudice analysis here. You're saying simply because the removal entry order was entered, that was prejudice? Yes, Your Honor. Because it seems like under our case law to establish failure, and these failure to inform cases, we must consider whether it's plausible that the immigration judge would have exercised his or her discretion in the individual's failure. And are you skipping that step? I'm trying to figure out what you're doing as part of that. No, I'm not skipping that step, Your Honor. So for her apparent eligibility, the bar for pre-conclusion voluntary departure is very low. She's not an aggravated felon, and she's also not a terrorist. And those are the disqualifiers for pre-conclusion voluntary departure. As far as a criminal record, she has no criminal record. She was permitted to attend her immigration court hearings here in San Francisco, and she was not subject to any mandatory detention. So she wasn't a flight risk, and she didn't have a criminal record that would subject her to mandatory detention. So based on that information, the immigration judge should have seen that she was apparently eligible for pre-conclusion voluntary departure, and she should have been provided the opportunity to apply for that. I believe that in the exercise of the judge's discretion, there aren't any negative equities, or I'm sorry, any negative factors that would go against her granting pre-conclusion voluntary departure. So you're saying it's plausible that the IJ would have granted relief? Yes, Your Honor. If she had withdrawn all her applications? That's correct, Your Honor. Am I correct that as far as we know, the only circuit currently where that kind of relief would be available on a claim like this is our circuit? Yes, Your Honor. In my research, I saw that for the Ninth Circuit, and mainly those cases are criminal cases that is not available. I think one of our sister circuits described our jurisprudence as an outlier. Yes, Your Honor. The idea that she would have chosen voluntary departure seems a little bit premised on the idea that her counsel never told her of that option, right? It's like we have to assume that she had an effective assistance of counsel. Is that how we should think about this? No, Your Honor. I think that the counsel argument that's made is more of a red herring. I think that it's inconsequential whether or not she was advised by her counsel. I don't think that the counsel really has anything that would negate the immigration judge's responsibility for advising the alien. In this instance... But if counsel had already told your client that she could do voluntary departure or she could pursue asylum withholding and CAT, and then we assume she chose to pursue asylum withholding and CAT because that's what she actually did, what difference would it have made if the IJ also gave her that option? That way it would be on the record and that way we would know that she was provided these opportunities and she was advised of her apparent eligibility for those forms of relief or that form of relief. Thank you. I'll give you a little time in rebuttal. Good morning and may it please the Court. My name is Shannon Murphy and I represent the Respondent, the United States Attorney General. Respondent respectfully requests this Court deny the current petition for review for three reasons. First, substantial evidence supports the agency's determination that the petitioner was not harmed on account of a protected ground. Second, there is no record evidence that would compel the conclusion that the petitioner is eligible for protection under the Convention Against Torture. And third, the immigration judge did not violate the petitioner's right to due process where the petitioner received a full and fair hearing on her application for relief. To the due process issue first. As this panel has noted, the petitioner cannot demonstrate that she was prejudiced by the immigration judge's did not err in petitioner's proceedings because she did not have a duty to inform the petitioner of apparent eligibility for pre-conclusion voluntary departure because the petitioner was not apparently eligible. Why wasn't the petitioner eligible? Well, Your Honor, under 8 CFR 1240.26, the petitioner has to concede removability and also waive or withdraw any applications that have been filed. And when the petitioner appeared for her master calendar hearing in October of 2018, in that same day, she conceded removability, but she also filed an application for relief. And that application for relief rendered her ineligible. But the way the reg is drafted, it presupposes someone in that situation because it specifically addresses the fact that someone can be eligible if they withdraw. So having made the application for relief doesn't disqualify you. It just adds, as many regulations do, an additional condition precedent or prequisite to obtaining the relief. It doesn't mean that she's not eligible. It just means she has to do something to become eligible. Yes, Your Honor. While she would have to withdraw to become eligible, it's not a disqualifying factor. It's the fact the facts that were before the immigration judge did not show apparent eligibility because she was whether on that, on whether the IJ erred, the same irrespective of whether the petitioner is counseled or not? Well, Your Honor, in immigration proceedings, the petitioner or the respondent before the immigration court, of course, has the right to counsel. I understand that. But is your of the immigration judge's obligations the same for an uncounseled then respondent who is unfamiliar with the proceedings and wouldn't have any way of knowing that if they withdraw their application, they're going to be allowed the possibility of voluntary departure? That it doesn't matter that the IJ still wouldn't have any obligation because there was an application for relief pending? No, Your Honor. I think in the case of a pro se respondent, it would be necessary to go through the advisals and safeguards. And if we look at page 78 of the administrative record, the immigration judge did ask the petitioner's counsel at the immigration court level if they waived a full reading of the advisals and rights. But we've emphasized that the IJ's obligation to inform is meant to prompt the IJ to help a non-citizen explore legal avenues of relief that might be apparent to him, that might not be apparent to him or his counsel. So really, having counsel doesn't matter. It doesn't relieve the IJ of the obligation of the duty to inform. So I'm trying to understand your argument here as to why the IJ didn't have a duty to inform. The IJ's duty was no longer triggered once the reading, the full reading of the advisals and rights was waived by the counsel that the petitioner, that they responded before the immigration court was represented by. And then again, when they filed a subsequent application. Oh, I'm sorry. I don't remember that argument in your brief. Maybe I'm just forgetting it. But did you argue that she waived the advisals and therefore waived this due process claim? No, Your Honor. We're not saying that she waived this due process claim, but we are saying that the immigration judge was not required to make those. That wasn't, though, that wasn't Judge Friedland's question. The argument you're making now, did you make it in your brief? No, Your Honor. It is not in the brief. But it is in the brief. Where in the record did they waive the advisals? On page 78, Your Honor. But beyond that, even if this Court does find that the immigration judge erred in not advising the applicant of apparent eligibility for pre-conclusion involuntary departure, as Judge Friedland noted, there's nothing within the record that indicates the Petitioner would endure substantial prejudice by not receiving those advisals, because the Petitioner has yet indicated that she would have accepted pre-conclusion voluntary departure. She has not indicated that she would have withdrawn her asylum and withholding application before the immigration court or that she would have waived issues on appeal, as evident that we are here today. And so the prejudice prong is also fatal to her due process claim. In your brief, you argued that she couldn't show prejudice because she didn't apply for post-adjudication voluntary departure. But I don't think she was eligible for that, because she hadn't been in the United States for a year. So I don't understand that argument. Well, under, of course, Pera v. Sessions, where the date on the NTA or lack thereof brings into question whether or not an individual has been physically present in the United States, so there could be an argument to be made for that one-year presence, which is not before this Court. But didn't she enter and got the notice to appear just within a month? Like, they caught her when she entered and then gave her the, I mean, there was only a month, right? How could she argue there was a year? There was only a month, but then the removal proceedings occurred over a year later. So at that time, Petitioner possibly could have asserted an argument that she was physically present with the ongoing litigation. But that's not the question here today. But I think that's the only argument in your brief about why she can't show prejudice now. Am I right? Yes, Your Honor. So do you have any other arguments about why she can't show prejudice? Because that argument doesn't seem very good. She also cannot show prejudice because, as previously mentioned, she has not indicated that she would have pursued post-conclusion voluntary, pre-conclusion voluntary departure. She indicated a fear of returning to Guatemala. She proceeded on her application and she did not waive appeal of any of the issues. And so there's no indication that, given the opportunity But, again, it looks like she wasn't even available for post-conclusion voluntary departure because she served in, she was served in NTA within a year of entering the United States. Given that, I guess, what's your position on whether she's able to establish prejudice? I understand the Court's point on that issue. And our position is that she cannot establish prejudice for the reasons discussed, and that there's no indication on the record that she would have pursued such form of relief. Turning to the applications for relief present in this case, the decision But I guess I just want to follow up because it seems like our cases sort of instruct us at that point to establish prejudice in failure to inform in a due process cases, which what we have here, we have to consider whether it's plausible, right? Do you agree with that? Whether it's plausible that the immigration judge would have exercised his discretion in her favor? Yes, Your Honor. All right. And so why do you think it's not plausible? It's a finding for the immigration judge to make, and I'm not in the position to So would we rerun this back to the immigration judge to make that finding? If this Court wanted to have a finding on pre-conclusion voluntary departure, have the petitioner would have to withdraw her applications for relief and validate the removal order, and then consider pre-conclusion voluntary departure. If that's what this Court wanted to happen, yes. Counsel, the government, I take it, is still arguing that because there is nothing on the record that indicates that she would have taken this offer and withdrawn her applications that she can't demonstrate prejudice, right? Yes, Your Honor. That is our position here. And turning to petitioner's application for asylum and withholding of removal, substantial evidence does support the immigration judge's determination that the petitioner did not demonstrate eligibility for that form of relief. It's the petitioner's burden to demonstrate that she was or will be harmed on account of a protected ground, and as this Court noted in Prusimova v. Mukasey, the applicant has to demonstrate that the persecutor would not have harmed them if the motive protected ground in question did not exist. And the record here does not satisfy that standard. The petitioner's testimony was consistently reflecting that she was being targeted because of a financial motive by the 18th Street gang. And it's … I just want to go back. I want to find out your answer to this question, because do you agree there were no negative factors or equities that would make it implausible for the IJ to grant relief looking at her record at the time of the pre-conclusion voluntary departure? Looking at the record as it was before the Court, it's possible, but that's the position to make for the judge. And I see my time has finished. Go ahead. Thank you. And so if this Court was to remand, then the immigration judge could make that finding, again, if that's what petitioner wanted to pursue that application for relief. For those foregoing reasons, we respectfully request that this Court deny the petition for review. Thank you. Thank you. You may begin. Great. Thank you, Your Honor. Just to clarify some questions that were asked of counsel, I did review the record. And in C.A.R. 74 as well as C.A.R. 78, the immigration judge had asked if there was a waiver of the reading and the explanation of rights, and counsel at the immigration court level did waive. However, that does not relieve the immigration judge of their obligation to advise on apparent eligibility for relief. We have a case that says that, that saying that you're waiving advisal when you have doesn't eliminate the I.J.'s obligation? I do not have a case for that, Your Honor. And so why do you think that it survives that waiver? I think it survives that waiver, Your Honor, because it's very explicit in this Court's case law that the apparent — this is a due process argument, and as part of her due process rights, she does have the right to be advised of her apparent eligibility for pre-conclusion voluntary departure relief. And so what are the advisals that were waived there that don't also trigger due process rights? Well, those advisals mainly have to do with being afforded — well, being able to be represented by an attorney at no cost to the government, as well as — And if she hadn't been told that, wouldn't that also be a due process violation? I believe that would be. So then I don't understand the difference. Well, I think the distinction here, Your Honor, is that there's criminal penalties that attach, as well as bars to her admission to the United States that are five-year bars if there is a removal order that's entered. And I think that since that — since pre-conclusion voluntary departure speaks directly to those very serious consequences of not being able to enter the country for five years or being subject to felony imprisonment, I think that this argument is much different than being advised of your right to be represented by counsel. So I'm sorry, because I interrupted you. You were starting to say that you think the advisals she waived were telling her she could have counsel, but she already had counsel. So is there any other advisal that you think that this waived? Oh, yes, there are others. There are standard advisals regarding the reading of the NTA to her in a way that — in a language that she understands, the right to have an interpreter, and then if she waives those rights. Because at the time at the immigration court, they're provided with a notice to appear. And typically what happens is counsel will waive the explanation of the notice to appear, as well as all the other explanation of the allegations, the factual allegations, and then the charges of inadmissibility. And at that point, counsel will then admit or concede the charges or the factual allegations. So that's what that speaks to. Thank you very much. Thank you both, Mr. Perdomo and Ms. Murphy, for your oral argument presentations today. The case of Cortez Barrera v. Merrick Garland is now submitted.
judges: MURGUIA, FRIEDLAND, BENNETT